1

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)

2
ak@kazlg.com
Nick Barthel, Esq. (SBN: 319105)

3
nicholas@kazlg.com
245 Fischer Avenue, Unit D1

4
Costa Mesa, CA 92626
Telephone: (800) 400-6808

5

6
Facsimile: (800) 520-5523

7

8
**KAZEROUNI LAW GROUP, APC**
Yana Hart, Esq. (SBN: 306499)

9
yana@kazlg.com
David James McGlothlin (SBN: 253265)

10
david@kazlg.com
2221 Camino Del Rio S, Ste 101

11
San Diego, CA

12

13
*Attorneys for Plaintiff*

14
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

15

16
**RUSSELL STEPHEN,**
**Individually and On Behalf of All**

17
**Others Similarly Situated,**

18

19
Plaintiffs,

20

21
v.

22

23
**NUCELL LLC d/b/a NUCELL**
**LABS and VITACOST.COM,**

24
**INC.,**

25

26

27
Defendant.

28

**Case No.:**

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**

1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;**
2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF.  §§ 17500, *ET SEQ.*;**
3) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF.  §§ 17200, *ET SEQ.*;**
4) **NEGLIGENT MISREPRESENTATION; AND**
5) **INTENTIONAL MISREPRESENTATION.**

**[JURY TRIAL DEMANDED]**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. Plaintiff Russell Stephen ("Mr. Stephen" or "Plaintiff") brings this Class Action Complaint to challenge the deceptive advertising and business practices of Defendant Nucell LLC d/b/a Nucell Labs ("Nucell") and Vitacost.com, Inc. ("Vitacost" or collectively "Defendants") with regards to Defendants' false and misleading promotions by Nucell and Vitacost of its supplement product "Stamina Fuel Male Enhancing Pills" ("Product"). Based on such false and misleading advertisements, Plaintiff and others similarly situated purchased Nucell's mislabeled Product.

2. Plaintiff purchased the Product from Vitacost but is manufactured and labelled by Nucell. With Nucell's permission, Vitacost sells the Product on Amazon.com.

3. Defendants claim that the Product is able to provide and offer numerous benefits such as: "EXTREME GROWTH-Become an absolute BEAST! STAMINA FUEL is specially formulated to help naturally boost SIZE, PERFORMANCE, ENERGY, VITALY, DRIVE and increase T-Levels with proper diet and exercise giving you all the POWER you need for MAXIMUM effect."

4. Defendants claim that the Product allows one to "REGAIN YOUTHFUL DRIVE & CONFIDENCE-STAMINA FUEL can give you the stamina, control, confidence and improved circulation you need to perform better physically both in and out of the bedroom. Start today and become a BEAST!"

5. Defendants also advertises that the Product can help those that "have a hard time focusing or being fully present--even during intimate moments" and that "STAMINA FUEL capsules can help restore your drive and get you feeling more like the man you are."

6. Defendants also claim that the Product gives "confidence all day" and allows the consumer to "feel strong in the bedroom" (collectively the "Claimed Health Benefits").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

7. However, any product that claims it will arouse or increase sexual desire, or that it will improve sexual performance, is an aphrodisiac drug product and subject to 21 C.F.R. § 310.528. However, the FDA has stated that "labeling claims for aphrodisiacs for OTC use are either false, misleading, or unsupported by scientific data" and therefore, "any OTC drug product containing ingredients for use as an aphrodisiac cannot be generally recognized as safe and effective." 21 C.F.R. § 310.528(a).

8. Under 21 C.F.R. § 310.528(b), any over-the-counter ("OTC") aphrodisiac drug is to be approved by the Food and Drug Administration ("FDA") before marketing. A product marketed as a dietary supplement will be regulated as a drug "[i]f the label or labeling of [the dietary supplement] bears a disease claim." 21 C.F.R. § 101.93(f); *see also id.* § 310.528(a). "Labeling" is construed broadly under the Food, Drug, and Cosmetic Act ("FDCA") and includes any article that "supplements or explains" the product even if the article is not physically attached to it. *See Kordel v. United States*, 335 U.S. 345, 349-50, 69 S. Ct. 106, 93 L. Ed. 52 (1948).

9. The Claimed Health Benefits about the Product also creates the impression that the Product is intended to cure, mitigate, or prevent numerous diseases, subjecting the Product to classification under section 201(g)(1)(B) of the Federal Food, Drug, and Cosmetic Act as a "drug".

10. The Product is also not generally recognized as safe and effective for the Claimed Health Benefits. As such, the Product is subject to the FDA approval as a "new drug" before the Claimed Health Benefits can be made and before Defendant can engage in interstate commerce.

11. FDA will not approve the claimed health benefits of a product subject to classification as a "new drug" unless backed by scientific data and information, and reviewed for safety and effectiveness.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

12. Nucell has not submitted any scientific data and information to support the Claimed Health Benefits of the Product. The Claimed Health Benefits of the Product have thus not been approved by the FDA. Defendant thus cannot lawfully represent the Claimed Health Benefits of the Product. To represent the Claimed Health benefits is not only misleading, but unlawful.

13. Consequently, Defendant does not comply with federal and parallel state regulations. The Claimed Health Benefits misleads consumers into believing the Product assists with increasing sexual stimulation, but in reality these claims are false and misleading, and unlawful under FDA regulations. The misrepresentations of the Claimed Health Benefits are not only harmful to consumers, but also allow Defendants to unfairly increase its sales and capture market shares from its competitors.

14. Plaintiff makes these allegations as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

15. Defendants' nationwide sale and advertising of the deceptively misbranded Product constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*.; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*.; (4) negligent misrepresentation; and (5) intentional misrepresentation.

16. This conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

17. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendants.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## JURISDICTION AND VENUE

18. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[1] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

19. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident and citizen of the State of California, and Vitacost is a corporation organized and existing under the laws of the Florida and Nucell is a limited liability company organized and existing under the laws of the Florida.

20. This Court has personal jurisdiction over Defendants because Defendants conduct business in the County of Orange and purposefully direct their advertising and products to Orange County. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of the Product in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

21. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii) many of the acts and transactions giving rise to this action occurred in this district because:

    (a)    Defendant is authorized to conduct business in this district;

    (b)    Defendant does substantial business within this district;

    (c)    Defendant is subject to personal jurisdiction in this district

[1] On information and belief, Defendant sells its Product online throughout California. Based upon the advertised price of Defendant's Product and their statewide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

because it has availed itself of the laws and markets within this district; and,

(d) Defendant's actions resulting in harm to Plaintiff occurred within this district.

## PARTIES

22. Plaintiff is a natural person residing in the City of Sacramento, County of Sacramento, State of California.

23. Upon information and belief, Vitacost is a corporation that is organized and exists under the laws of the State of Florida, with its principal place of business in Boca Raton, Florida.

24. Upon information and belief, Nucell is a limited liability company that is organized and exists under the laws of the State of Florida, with its principal place of business in Miami Beach, Florida.

25. Nucell manufactures and/or distributes various products, including consumable dietary supplements. Vitacost sells these products on behalf of Nucell, with Nucell's permission and control.

## NATURE OF THE CASE

26. At all times relevant, Nucell, through its authorized distributor Vitacost, made and continues to make the affirmative misrepresentations stated in the Claimed Health Benefits regarding the Product, through venues including, but not limited to, Amazon.com.

27. Upon information and belief, Vitacost advertises Nucell's products under Nucell's direction and control.

28. Upon information and belief, Nucell instructs Vitacost on the content of the advertising that Vitacost puts on Amazon.com. These instructions included the advertising of the Claimed Health Benefits.

29. Defendants advertised, marketed, packaged, and sold the Product to Plaintiff and other consumers similarly situated in California with the false

representations made in the Claimed Health Benefits, including the representation that the Product aids in the cure, mitigation, and prevention of numerous diseases.

30. The Claimed Health Benefits subject the Product to being classified as a "new drug" subject to FDA approval. The FDA however has not approved the Product, making the Claimed Health Benefits of the Product misleading and unlawful.

31. As the FDA has failed to approve the Product as a "new drug," it lacks the scientific data and information to support the Claimed Health Benefits made by Defendants, and so Defendants cannot yet advertise and label its Product as having the Claimed Health Benefits.

32. The FDA specifically considers a product that creates the impression of curing, mitigating, and preventing diseases and illnesses as a "new drug" unsafe for human consumption and unsafe if placed in dietary supplements, unless scientific data and information supports the claims made about product.

33. The misrepresentations in the Claimed Health Benefits of the Product made by Defendant caused Plaintiff and similarly situated California consumers to purchase and ingest substances that the FDA considers unsafe for human consumption and ineffective for the claimed benefits, so considered because it has not been backed by scientific data and information.

34. Moreover, these false Claimed Health Benefits about the Product allows Defendants to gain a market share of the health care industry through misleading practices, give it an unfair advantage over its competitors.

35. In short, the FDA has banned claims such as the Claimed Health Benefits of the Product unless backed by scientific data that has been reviewed and approved by the FDA. Defendant has failed to submit the scientific data and obtain FDA's review and approval. Despite this, Defendant continues to make the Claimed Health Benefits about the Product that it sells on the open market.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

36. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

## FACTUAL ALLEGATIONS

37. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. On or about March 20, 2017, Plaintiff purchased Defendant's Product from online retailer amazon.com for a total amount of approximately $26.99. Defendants' advertisement of the Product at the time of purchase contained the Claimed Health Benefits.

39. On its label and related advertising materials, the Product is directly advertised by Defendant as being a dietary supplement, suitable for human consumption, and having the Claimed Health Benefits.

40. At the time Plaintiff purchased Defendant's Product, Plaintiff believed and relied upon the representations made by Defendants that the Product provided the benefits contained in the Claimed Health Benefits, and was a dietary supplement.

41. On information and belief, Defendants' Product's advertising materials are prepared and/or approved by Defendants and/or its agents.

42. As mentioned in detail above, Defendants' Product in unsafe and ineffective for the advertised Claimed Health Benefits because it has not been reviewed and approved by the FDA as a "new drug". It is thus deemed unsafe and ineffective for any claimed uses, including the Claimed Health Benefits made by Defendants.

43. Consequently, Defendants' Product is not a dietary supplement, but an unapproved drug that the FDA has considers unsafe for human consumption.

44. Defendants knew, or in the exercise of reasonable care, should have known that the Claimed Health Benefits made in the Product's label and advertising materials were misleading or false.

45. As a consequence of Defendants' unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product was a dietary supplement capable of curing, mitigating, and preventing the diseases and illness of the Claimed Health Benefits.

46. Plaintiff and other consumers similarly situated in California purchased and overpaid for Defendant's Product under the false impression that the Product would provide the advertised health benefits associated with the use of the product; however, as it was unsafe and ineffective for the claimed health benefits, the Product could not provide any of the advertised Claimed Health Benefits made by Defendants.

47. If Plaintiff had been aware that the Product was unsafe and ineffective for the claimed benefits, Plaintiff would have paid less for it, or would have purchased an entirely different product. In other words, Plaintiff would not have purchased Defendant's Product but for the representations on the Claimed Health Benefits made on the Product's label and related advertising.

48. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Product's labels and website, where Defendant sold, and currently sells, its Product to consumers throughout the State of California.

49. As a result of Defendants' false and misleading statements and failure to disclose, Plaintiff and others similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of units of Defendants' Product, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

50. Included within the demands of this Complaint are any other products manufactured by Defendant, which contain the Claimed Health Benefits.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

51. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

### CLASS ACTION ALLEGATIONS

52. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Plaintiff brings this action collectively and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

54. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the United States who purchased a product, from Defendants, irrespective of brand name, which claimed to increase sexual desire or performance, or any substantially similar claim, within the four years prior preceding the filing of this Complaint.

55. Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

56. The "Class Period" means four years prior to the filing of the Complaint in this action.

57. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records of retail and online sales, as well as through public notice.

58. **Numerosity**. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the Product is sold on Amazon.com with over a thousand customer reviews, and on that basis,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Plaintiff alleges that the putative Class consists of hundreds, if not thousands of members.

59. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

 a. Whether the Product as manufactured was safe and effective for the Claimed Health Benefits;

 b. Whether the Claimed Health Benefits make the Product no longer recognized as safe and effective;

 c. Whether the Product was safe for human consumption given;

 d. Whether Claimed Health Benefits and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

 e. Whether Defendants' conduct violates California Civil Code §§ 1750, *et seq*.;

 f. Whether Defendants' advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq*.;

 g. Whether Defendants' conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

 h. Whether Defendants' advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

i.    Whether Defendants acted negligently or intentionally in making the misrepresentations contained on the Product's label and Defendant's website;

j.    Whether Defendants, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiff and members of the Class;

k.    Whether the Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

l.    Whether the Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

60. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class in that the Plaintiff is a member of the Class that the Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff purchased the Product from Defendants after exposure to the same material misrepresentations. Plaintiff also received a Product with the Claimed Health Benefits. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all absent members of the Class. Defendants have no defenses unique to the Plaintiff.

61. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

62. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendants. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

63. Unless the Class is certified, Defendants will retain monies received as a result of Defendants' unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendants will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Product in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

64. Further, Defendants have acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

**FIRST CAUSE OF ACTION FOR**
**VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
**CAL. CIV. CODE §§ 1750, *ET SEQ.***

65. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. California Civil Code Section 1750, *et seq.*, entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

67. Defendants' Product constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

68. Plaintiff and the putative Class members are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

69. Plaintiff and each of the putative Class members' purchase of Defendants' Product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

70. Civil Code Section 1770(a)(2), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

(5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .;

(7) [r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another; [and]

(9) [a]dvertising goods or services with intent not to sell them as advertised."

71. Defendants violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing its Product was a dietary supplement containing consumable ingredients, when, in fact, the Product contained food additives not making it a dietary supplement or consumable.

72. Defendants' Claimed Health Benefits regarding the Product makes it unsuitable for human consumption and poses serious risks to consumers' health.

73. On information and belief, Defendants' violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendants' self-interest, monetary gain, and increased profit. Plaintiff further alleges that Defendants committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

74. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false representations set forth on Defendant's actual Product label.

75. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the putative Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

76. As of the filing of this Complaint, Defendants have not complied with Plaintiff's demand letters pursuant to California Civil Code § 1782, which was served on Nucell on or about November 15, 2019, and on Vitacost on or about February 4, 2020 by certified U.S. mail.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

77. Attached hereto as Exhibit A is the affidavit of Plaintiff pursuant to Cal. Civ. Code § 1780(d).

78. Plaintiff and the putative Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future and to recover money damages.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
### BUS. & PROF. CODE §§ 17500, *ET SEQ.*

79. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

81. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

82. Defendants state that their Product is a dietary supplement that can increase sexual desire and performance as detailed by the Claimed Health Benefits. However, such claims are false as detailed above.

83. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

84. At all times relevant, Defendants' advertising and promotion of its Product were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendants did deceive Plaintiff and the putative Class members by representing that its Product was a dietary supplement containing consumable ingredients designed to support their health and well-being. When, in reality, Defendants knew that its Product was not FDA approved and not safe and effective for the Claimed Health Benefits, which the FDA has warned about.

85. Defendants engaged in the false and/or misleading advertising and marketing of its Product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Product, which Defendants knew, or had reason to

know, was not safe, effective, and suitable for human consumption and could not be considered a dietary supplement.

86. Because Defendants knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendants acted in violation of California Business & Professions Code §§ 17500, *et seq*.

87. Had Defendants truthfully advertised that its Product did not have the benefits as advertised, Plaintiff and the putative Class members would not have purchased the Product, would have paid less for the Product, or would have purchased a different product from another manufacturer.

88. This false and misleading advertising of the Product by Defendants presents a continuing threat to consumers, as such conduct is ongoing to this day.

89. As a direct and proximate result of the aforementioned acts and omissions by Defendants, Defendants received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

## THIRD CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
## BUS. & PROF. CODE §§ 17200, *ET SEQ*.

90. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91. Plaintiff and Defendants are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

92. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

93.   By and through Defendants' conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

94.   Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendants have committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq*., by marketing, manufacturing, and distributing Defendants' Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq*. and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq*., as well as other Federal regulations.

95.   Defendants further violated California's Health & Safety Code § 110660, which states that "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is a part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875 (the "Sherman law").

96.   Claims under state law based on the deceptive labeling of a food product is expressly permitted when the statute to be enforced imposes legal obligations identical to that of the Federal Food, Drug, and Cosmetic Act ("FDCA"), including FDA regulations concerning naming and labeling food products. *See e.g., In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). Plaintiff's claim that Defendants violated the FAL by labeling its Product in a false or misleading way imposes legal obligations identical to 21 U.S.C. § 343(a) of the FDCA, which states that, "a food shall be deemed to be

**CLASS ACTION COMPLAINT**

misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]" Further, section 343(a) of the FDCA is not subject to the express preemption provision set forth in 21 U.S.C. § 343-1 of the FDCA.

97. Defendants violated the above-referenced statutes by falsely representing that its Product was a dietary supplement containing consumable ingredients, when in fact the product contained ingredients that was unsafe and ineffective, making the Product not fit for human consumption.

98. By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendants engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "Unfair" Prong

99. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendants have committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

100. Had Plaintiff and the putative class members been informed that Defendants' Product did not in fact contain ingredients suitable for human consumption, they would not have purchased the Product, would have paid less for it, or would have purchased an entirely different product. In other words, Defendants earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed market competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Product.

### C. "Fraudulent" Prong

101. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendants engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely advertising its

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Product as containing, ingredients suitable for human consumption, when, in fact, the Product do not contain such ingredients, but instead contained an ingredient that was an unsafe food additive making the Product not a "dietary supplement" fit for human consumption.

102. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

103. Defendants' advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers are led to believe that Defendants' Product contains ingredients suitable for human consumption, when, in fact, the Product does not contain such ingredients; and, instead the Product was unsafe and ineffective that render the Product unmarketable as a safe dietary supplement, as alleged herein.

104. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendants' advertising of its Product, as containing ingredients safe to consume consistent with a dietary supplement.

105. As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendants based on Defendants' misleading representations.

106. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendants as a result of Defendants' false representations as set forth on Amazon.com and other third-party retailers as mentioned herein.

107. Such acts and omissions by Defendants are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1    reserves the right to identify additional violations by Defendants as may be

2    established through discovery.

3    108. In prosecuting this action for the enforcement of important rights affecting the

4    public interest, Plaintiff seeks recovery of attorneys' fees, which reward is

5    available to a prevailing plaintiff in a class action such as this.

6

### FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

7

8    109. Plaintiff repeats re-alleges, and incorporates by reference the above allegations

9    as if fully stated herein.

10   110. Beginning at a date currently unknown and continuing to the time of the filing

11   of this Complaint, Defendants represented to Plaintiff and others similarly

12   situated, through product packaging and advertising materials, that Defendants'

13   Product contained ingredients suitable for human consumption and the Product

14   was a dietary supplement.

15   111. Defendants made these representations knowing, or having reason to know, that

16   its Product contained was unsafe and ineffective that the FDA had publicly and

17   specifically identified as unsuitable for human consumption, unless approved

18   and reviewed for scientific support.

19   112. Defendant acted with the intent to induce the public, including Plaintiff and

20   putative Class members, to purchase Defendants' Product.

21   113. Plaintiff and the putative Class members saw, believed, and relied upon

22   Defendants' representations in making the decision to purchase Defendants'

23   Product.

24   114. At all times relevant, Defendants knew or should have known that such

25   representations were untrue, and Defendants had no reasonable basis for

26   believing the representations to be true.

27   115. As a proximate result of Defendants' negligent misrepresentations, Plaintiff and

28   other consumers similarly situated were induced to purchase, purchase more of,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

or pay more for Defendants' Product due to the unlawful acts of Defendants, in an amount to be determined at trial, during the Class Period.

### FIFTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

116. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

117. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendants intentionally represented to Plaintiff and others similarly situated, through the Product's packaging and advertising materials, that Defendants' Product contained ingredients suitable for human consumption and that its Product was a dietary supplement.

118. Defendants acted intentionally by willfully and purposefully printing a specific "Supplement Facts" label of Defendants' Product indicating to consumers that the Product was in fact a safe dietary supplement.

119. Because the of the Claimed Health Benefits of the Product, it could not be a dietary supplement and was declared by the FDA to be an unsafe and ineffective. Therefore, the Product does not have the benefits that Defendant advertises.

120. Defendant knew or had reason to know such representations were false, and continued to label its Product in a false or misleading way.

121. Defendant further knew that retailers were advertising its Product as containing ingredients suitable for consumption, because Defendant designed, manufactured, and affixed the product labeling to its Product before supplying the Product to the retailers.

122. Plaintiff and the putative Class members saw, believed, and relied upon Defendants' representations in making the decision to purchase Defendants' Product.

123. As a proximate result of Defendants' intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

124. Plaintiff allege the "who, what, when, where, and how" of the alleged deception by Defendants as follows:

   i.   The "who" is Defendants;

   ii.  The "what" is the representation of the Claimed Health Benefits of Defendants' Product;

   iii. The "when" is the date Plaintiff purchased the Product, and the Class Period of four years prior to the filing of this Complaint;

   iv.  The "where" is in Amazon.com and any other place that Defendants made similar claims; and

   v.   The "how" is the allegation that Defendant did not disclose that its Product did not have the Claimed Health Benefits, and that such Claimed Health Benefits were unlawful to make about a dietary supplement.

125. By engaging in the acts described above, Defendants are guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendants:

- that this action be certified as a Class Action;

- that Plaintiff be appointed as the Class Representatives;

- that Plaintiff's attorneys be appointed as Class Counsel;

- that Defendants' wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;

- An order requiring imposition of a constructive trust and and/or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendants from retaining the benefits of their wrongful conduct;

- that Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendants to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

- that Defendants be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;

- Pre-judgment interests from the date of filing of this suit;

- that Plaintiff and each member of the putative Class recover their costs of suit.

## FIRST CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
## CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and

- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;

- recovery of reasonably attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and

- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendants for general and compensatory damages in an amount to be determined at trial; and

### FIFTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendants for general and compensatory damages in an amount to be determined at trial;

- punitive damages pursuant to Cal. Civ. Code § 3294; and

- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

///

///

///

///

///

///

Case #          25 of 26          *Stephen v. Nucell Labs, et al.*

1

## TRIAL BY JURY

2  126. Pursuant to the Seventh Amendment to the Constitution of the United States of

3       America, Plaintiff is entitled to and demands a trial by jury.

4

5  Dated: March 5, 2020                 Respectfully submitted,

6                             **KAZEROUNI LAW GROUP, APC**

7

8                       By:  *s/ Abbas Kazerounian*

9                          ABBAS KAZEROUNIAN, ESQ.

10                       NICHOLAS BARTHEL, ESQ.
                           *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

EXHIBIT A

## DECLARATION OF RUSSELL STEPHEN

**I, Russel Stephen, declare:**

1. On March 20, 2019, I purchased "Stamina Fuel" made by Nucell, LLC from Amazon.com.

2. At the time of purchase and review of the product, I was in Sacramento County, where I also reside.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on March 4___, 2020.

By: _russell stephen_

Russell Stephen